BRYAN, Judge,
concurring specially.
I concur in the main opinion. I write specially only to note that emergency jurisdiction does not attach in this case simply because it was not sought by the Coffee County Department of Human Resources or exercised by the Coffee Juvenile Court. As discussed in the main opinion, in note 4, temporary emergency jurisdiction may be exercised by “[a] court of this state ... if the child is present in this state and ... it is necessary in an emergency to protect the child because the child ... is subjected to or threatened with mistreatment or abuse.” § 30-3B-204(a), Ala.Code 1975.
In this case, the children were present in Alabama and the mother is alleged to have mistreated the son by failing to maintain proper care of his diabetes. Further, it was also alleged that the daughter was sexually abused by the stepfather while in the care of the mother. In holding that the record is insufficient to resolve whether jurisdiction was proper in the Coffee Juvenile Court, this court is not holding that the juvenile court would have been without temporary emergency jurisdiction had it been exercised.